# UNITED STATE DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA,**

**v.**

**D'ANGELO BATTIS.**

**Case No. 8:15-cr-429-T-02AAS**

_____/

## ORDER

In 2017, D'Angelo Battis was sentenced to 262 months' imprisonment for possession of a firearm in furtherance of a drug trafficking offense. (Dkt. 51). He now seeks a reduction in his sentence pursuant to the First Step Act of 2018 (Dkt. 75), which made retroactive part of the Fair Sentencing Act of 2010. The United States Office of Probation filed a memorandum indicating that Mr. Battis is not eligible for a reduction in his sentence because the offense is not a covered offense as defined under § 404 of the First Step Act. (Dkt. 82).[1]

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent

---

[1] The Court had directed defense counsel to file a memorandum addressing the issues raised in Mr. Battis' First Step motion. *See* Dkt. 80. Defense counsel has since filed a notice of conflict of interest, *see* Dkt. 84, due to Mr. Battis' § 2255 motion arguing ineffective assistance of counsel related to the failure to challenge sentencing enhancements. Upon the Court's independent review of the First Step motion, as well as based upon review of the memorandum filed by Probation, the Court can rule on the First Step motion without the need for further briefing.

otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ 2(a)(1), 2(a)(2). Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Mr. Battis moves for a reduction of his sentence pursuant to the First Step Act. (Dkt. 75). He alleges that he "was sentenced to 262 months in 2015 for 28 grams of crack cocaine . . . but the amount was added at sentencing, movant's indictment does not state an amount of cocaine base." *Id.* at 1–2. Review of the Judgment entered in this case reveals that Mr. Battis was sentenced to 262 months' imprisonment based on conviction for count three of the indictment—possession of a firearm in furtherance of a drug trafficking offense. (Dkt. 52). He was not convicted and sentenced based on counts one or two of the indictment. Accordingly, § 404 does not provide Mr. Battis relief here. First, the First Step Act addresses crimes committed before August 3, 2010. The offense at issue here occurred August 30, 2015. *Id.* Second, the offense for which he was convicted was "possession of a firearm in furtherance of a drug trafficking offense" which is not a "covered offense" as defined by Section 404.

Based on the foregoing, it is hereby

**ORDERED** that the First Step Act Motion for Immediate Release or Resentencing (Dkt. 75) is **denied**.

**DONE and ORDERED** this 15th day of November 2019.

s/William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**