UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO. 8:15-cr-429-T-02AAS

D'ANGELO BATTIS

_____/

**ORDER ON MOTION FOR REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)**

Before the Court is Defendant D'Angelo Battis' motion for reduction in sentence ("compassionate release") filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018 (Dkt. 89) and the United States' response in opposition (Dkt. 91). After reviewing the motion and submissions, the Court denies the motion without prejudice.

**Background**

Mr. Battis is 36 years old and incarcerated in Federal Correctional Institution Coleman – Medium in Sumter County, Florida. He pleaded guilty to count three of the indictment for possession and carrying a firearm in furtherance of a drug trafficking offense. Dkt. 23 (plea agreement). Defendant was a convicted felon at the time of his arrest, and he possessed a loaded gun, marijuana, ethylone, and drug paraphernalia to enable its sale. Dkt. 23 at 17; Dkt. 70 at 21 (sentencing

transcript); Dkt. 52 (judgment).  At sentencing, with a criminal history score of 20 and category of VI, he faced a guideline sentence of 262 to 327 months in prison. Dkt. S-30 (PSR), ¶ 82; Dkt. 70 at 4.  The sentencing judge sentenced Defendant as a career offender to 262 months in prison followed by five years of supervised release.  Dkt. 70 at 17; Dkt 52.  Defendant's conviction and sentence were affirmed on appeal.  Dkt. 72.  His projected release is 2034.  Dkt. 91-5.

Defendant suffers from "pre-diabetes," obesity, and hypertension which he alleges make him "the most vulnerable" of inmates in the present pandemic of the coronavirus COVID-19.  Dkt. 89 at 6; Dkt. 91 at 16; Dkt. S-91-3 at 2, 5.  None of these conditions, if treatable, constitute a medical condition that is deemed severe or substantially diminishes his ability to provide self-care in prison.[1]  *See* U.S.S.G. § 1B1.13, comment n.1(A) (serious medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"). Both hypertension and obesity, if treatable or controlled, have been found insufficient to justify compassionate release because neither is an extraordinary and compelling reason as required by 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Commission's policy statement in U.S.S.G. § 1B1.13.  *See*

---

[1] Although he does not allege any other conditions in his motion, the United States points out that his medical records evidence obesity, hyperlipidemia, and dental issues.  Dkt. S-91-3 at 1, 4.

*United States v. Copeland*, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (holding hypertension treated by medication is "hardly an extraordinary condition" warranting release based on the virus, COVID-19); *United States v. Hayes*, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. July 2, 2020) (holding obesity and hypertension "alone or in combination with Covid-19" are not extraordinary). Though he emphasizes his record of good behavior (Dkt. 89 at 16), rehabilitation alone does not warrant release. 28 U.S.C. § 994(t); *United States v. Feldman*, No. 8:14-cr-521-T-27AEP, 2020 WL 3799530, at *2 (M.D. Fla. July 7, 2020). Prison records reveal he was sanctioned for an incident July 21, 2020. Dkt. 91-4.

## Applicable Considerations

The United States argues Defendant has not exhausted his administrative remedies.[2] Dkt. 91 at 1, 10. The prison documents provided by the Defendant show the warden denied his request on July 9, 2020, and the written denial informed him of his right to appeal to the Regional Director in Atlanta, Georgia. Dkt. 89-1 at 6.[3] There is no indication what happened after that date. Because

---

[2] A defendant may file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

[3] "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the inmate is not satisfied with the response from the Regional Director, then he or she must appeal to the General Counsel,

3

exhaustion of remedies is mandatory and not waivable, the Court is without authority to grant relief.  18 U.S.C. § 3582(c)(1)(A); *United States v. Rodriguez-Begerano*, No. 8:12-cr-558-T-22AEP, 2020 WL 3000737, at *2 (M.D. Fla. June 4, 2020) (citing *Ross v. Blake*, 136 S. Ct. 1856–57 (2016)), *appeal docketed*, No. 20-12162 (11th Cir. June 15, 2020); *United States v. Winner*, No. CR 117-034, 2020 WL 2124594, at *1 (S.D. Ga. Apr. 24, 2020) (citing *Ross v. Blake*), *appeal docketed*, No. 20-11692 (11th Cir. May 4, 2020); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020) (holding court had no authority absent exhaustion of remedies to grant relief under § 3582(c)(1)(A)(i)); *United States v. Israel*, No. 95-00314, 2020 WL 3893987, at *8 (S.D. Fla. July 10, 2020) (citing cases holding no authority to consider release absent exhaustion).[4]

Even if Mr. Battis' administrative remedies were exhausted or waivable, he fails 1) to allege any extraordinary and compelling reason, 2) to satisfy the § 3553(a) factors, and 3) to demonstrate he is not a danger to the community.  The

---

which is the final administrative appeal.  *Id.*; 28 C.F.R. § 571.63 (denial of inmate's request under 18 U.S.C. § 3582(c)(1)(A) by General Counsel constitutes final administrative decision).
[4] The Eleventh Circuit has not yet ruled on whether the exhaustion requirement of § 3582(c)(1)(A) is subject to waiver under the circumstances of the current pandemic.  District courts in this district sometimes cite to a Third Circuit Court of Appeals case as authority for the unavailability of waiver.  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *5 (M.D. Fla. May 15, 2020) (citing *Raia*); *United States v. Thomas*, No. 6:10-cr-35-Orl-28GJK, 2020 WL 4551531, at *2 (M.D. Fla. Aug. 6, 2020) (citing *Raia* and *Smith*).

4

Defendant's medical records confirm he suffers from hypertension, which is controlled, and obesity, which is treatable. Dkt. S-91-3. As noted above, hypertension, and especially if treatable, is not an extraordinary and compelling reason for release, even when coupled with the present pandemic. *Copeland*. Although obesity[5] poses an increased risk of severe illness from the virus, it does not establish an extraordinary and compelling circumstance. *Hayes*.

Additionally, the § 3553(a) factors weigh against his release. Mr. Battis' two predicate felonies for enhancement were sales of marijuana. Dkt. S-30, ¶ 21. His criminal history consists of numerous drug offenses, mainly involving marijuana. His 262-month sentence reflects the seriousness of the crime of trafficking while knowingly possessing a loaded gun, and also protects the public from further crimes of trafficking and other drug-related crimes of the Defendant. This fact also weighs against a finding that he is not a danger to others or the community. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2) (release denied unless defendant is not a danger to the safety of any other person or the community).[6]

---

[5] Defendant's body mass index is 36. Dkt. S-91-3.
[6] To the extent Mr. Battis requests home confinement, this Court does not have the authority to grant such a request. *See United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *3 (M.D. Fla. May 15, 2020) (holding the location of imprisonment is within discretion of Bureau of Prisons and citing *United States v. Calderon*, 801 F. App'x 730, 731–32 (11th Cir. 2020), which holds district courts lacks jurisdiction to order home confinement under Second Change Act).

Accordingly, Defendant's motion (Dkt. 89) is denied without prejudice for failure to exhaust administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Defendant may file a renewed motion once eligible under the terms of the statute.

**DONE AND ORDERED** at Tampa, Florida, on August 28, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE